We will move on to the next case on the docket, AEGIS Electric v. ECI Management. Daniel Diffley is here for ECI Management. Paul Fields is here for AEGIS Electric. And Mr. Diffley, are you ready to proceed? I am. Good morning, Your Honor. Good morning. I may please the Court, this is Dan Diffley here on behalf of ECI Management. ECI is an owner and operator of apartment complexes throughout the state. This is an insurance coverage case and specifically focused on the duty to defend. And the legal test there on the duty to defend is not really in dispute. As this Court has held and Georgia courts have held, it's a broad standard. If the allegations in the complaint even arguably bring the occurrence within coverage, the insurance company has a duty to defend. And if there's any doubt about the duty to defend, those should be resolved in favor of the insured. We straightforward application of two documents. We need to look at the complaint that gave rise to the insurance claim and we need to look at the policy between AEGIS and ECI. Starting with the complaint, it's relatively straightforward. One count complaint filed in DeKalb County State Court and a former tenant of ECI, Ms. Roberson, seeking damages under the Georgia Security Deposit Statute. And that's a statute that sets forth a mechanism that landlords such as ECI need to follow when it comes to the handling and dealing with a tenant's security deposit. There are three types of relief available under that statute, two of which give rise to coverage under the policy. The first relief available is three times the amount of the security deposit. And both sides agree that that particular issue is treble damages, not an issue in this case because it plainly falls within one of the exclusions. The other two relief available, however, are what drives the dispute. The Georgia Security Statute allows for the recovery of attorney's fees and also for the damages in the amount of the security deposit itself. And treble damages are triggered if there's an intentional conduct, but when you look at the statute, it also shows that if the defendant who has the burden, in this case ECI, is able to show that this was not intentional or it was a bona fide error, then the damages would be simply the amount of the security deposit. So what does the policy say? The policy has a broad definition of loss. Both sides have cited it in their papers. It includes any compensatory monetary amount for which the insured may be held legally liable, including judgments and awards. There are two exclusions that the parties have briefed. The first is what has been referred to as the disgorgement exclusion, and the second is the treble damages exclusion. It also includes other things such as punitive or exemplary damages, but that's not at issue in the case. What drove the district court's opinion and what drove the insurer's defense in this case is this disgorgement exclusion, so I'd like to start with that. This is not a case of disgorgement. This is a case of statutory damages. And when we look at the complaint, you have to consider the statute that is relied upon as the basis for the sole count in the complaint. And when we look at that statute, we see that it's not a disgorgement. It's not an equitable remedy. Instead, it's the legislature in Georgia deciding to fix a specific amount of damages for certain conduct that they decided to be unlawful. In this case, the procedures that a landlord must follow to recover a security deposit from its tenant. Perhaps there could be three times that if there's intentional conduct, but the landlord is not specifically required to disgorge anything. Instead, the legislature decided that this is a statutory remedy. There is relief available in a specific amount. The legislature chose the amount of damages to be the amount of the security deposit, but they could have chosen, like they've chosen in other statutory regimes, a specific damages amount of any amount. That was their prerogative. But the plaintiff, unquestionably, Ms. Roberson, is going to court trying to recover damages. Why is it the same thing? The aegis argues that we should construe the policy as a reasonable person and not a lawyer. Your Honor, I agree. I think looking at the policy as a reasonable person, giving any ambiguity to the insured in this context, when you look, it says any compensatory amount for which the insured may be held legally liable. When you go back and look at the specific text of the statute, Section C, it says that the landlord shall be liable only for a sum. And it says the sum erroneously withheld. They chose to limit the damages that a landlord would be liable for to that amount. It doesn't say go and return this money. It just says this is where we're going to set the damages. They are very different conceptually. So, Your Honor, I think that explains the difference. Both the policy as a definition of loss and the statute talk about amounts that the insured is liable for. Excuse me, in this case, that ECI would be liable for. And don't forget, Your Honors, at this point in the case, we're looking at the duty to defend. And there's no dispute about the law here. AGIS has a requirement and a duty to defend even if there is potentially or arguably coverage. And when you look at just this one issue, the fact that the amount that the plaintiff could recover under this statute damages in a certain amount, there is potentially or arguably coverage under this statute and, in turn, a duty to defend. The other reason there's coverage… Oh, I have a question. Yes, Your Honor. I tend to agree with you. Your damages are statutory damages. What is your count one, what is your sole count cause of action? Is it breach of contract or is it a statutory cause of action? How would you characterize the nature of your cause of action? I know it's statutory damages or the cause of action, but what is the cause of action? Your Honor, to clarify, what is ECI's cause of action in this case? No, Roberson's cause of action. Yes, so Roberson's sole cause of action in the state court complaint is an action for violation of the Georgia security deposit statute. That's what they call it, the count one violation of Georgia security deposit. That's it. They have a one-count claim. They're trying to bring it as a class action as well, but that is it. Statutory cause of action. Claim for violation of the statute. Correct. Okay. I know statutory damages, the treble plus attorney's fees, but the cause of action is not a breach of contract of landlord-tenant. It's a statutory cause of action. That's all I was trying to clarify. That's correct, Your Honor. Their sole count is violation of the Georgia security deposit act, period. And that's that. The other reason why there's coverage under the statute itself is attorney's fees. Oftentimes, policies might exclude attorney's fees, but when you look at this, again, there's a broad definition of loss. It includes an award. It includes a compensatory monetary amount. And the possibility of attorney's fees in this case also triggers coverage, and that is it's plain from the statute itself, which is the only count in the complaint, and the complaint itself where they're seeking attorney's fees in their prayer for relief. Now, the insurance company here has argued that the treble damages exclusion applies to this particular claim for attorney's fees. And they say that the attorney's fees are damages resulting from the multiplication of compensatory damages. As I understand their argument, they're saying, well, you can only get attorney's fees if the damages are trebled. In other words, everything flows from the trebling of damages. Again, looking at the plain language of the policy, frankly, that type of position just doesn't make much sense. It's certainly confusing. But the focus for treble damages, just like the focus for attorney's fees, just like the focus for one recovery of damages in the amount of a security deposit, of all three of those are based on the underlying conduct. The legislature has said you have to do X, Y, and Z as it relates to security deposits. And if you don't, you're going to have to pay certain amounts. The insurance company here is arguing that attorney's fees flows from the trebling of damages, and that's not a fair reading of the statute. The attorney's fees, the General Assembly decided to have attorney's fees as an award based on the underlying conduct, not because of trebling of damages. We don't need to reach this issue if we find that the exclusions don't bar coverage. Is that right? That is correct, Your Honor. Attorney's fees, that's exactly right. If the exclusions do not bar coverage, we don't need to get to that. But as I understand the insurance company's argument, any – well, let me back up, Your Honor. There are multiple ways to find coverage, and if there is coverage and the exclusion doesn't apply, then I agree with you, Judge. We don't need to get to those points. We feel that the straightforward position is these are statutory damages. It's a statutory claim. Damages fall – the damages under the statute fall plainly within the definition of laws, whether it's attorney's fees or whether it's the single amount. Before you conclude the waiver issue? Yes, I'd be happy to, Your Honor. In this case, the insurance company first raised the disgorgement exclusion in the lawsuit. It's not in the demand letter, and that's contrary to what the Supreme Court has said in Hoover. The debate amongst the case law and amongst the lawyers is whether Hoover applies only to coverage defenses or to policy defenses. This court has not addressed that in a public decision. We think that the language of Hoover is straightforward, and it says that there are three options for an insurance company. But they cannot take a fourth and deny a claim outright and attempt to reserve the right to assert a different defense in the future. Whether it's policy or coverage, it doesn't matter. The Hoover court did not make that distinction. And in finding the right way to interpret Hoover, two things. One, again, if there's coverage, this is a non-issue. But to the extent there's a concern about the exclusion, the right way to read Hoover – we encourage the court to follow the straightforward language of Hoover and some of the decisions of the district courts in the northern district that we have cited. And I would also encourage the court, when considering how to interpret Hoover, to look at Justice Melton's dissent. If Hoover was nothing more than a reiteration of existing law, the dissent from Justice Melton and others would not have been necessary. He correctly points out that this was a change. He disagreed with the change, but he points out that this was a change. It was not a reiteration of existing law like the district court said and like the insurance company has argued here. So in sum, Your Honors, there's coverage under this policy. It's a simple, straightforward application of looking at the complaint and looking at the definition of loss. We don't even need to look at the waiver issue. But if we do, Hoover should be interpreted the way that we have set forth in our papers. And the insurance company in this situation should not be permitted to not rely on a particular defense and then file a federal court lawsuit asserting that defense. That's contrary to what the Georgia Supreme Court said in Hoover. And unless there are no further questions, Your Honors, thank you very much. Thank you, Mr. Diffley. We'll hear from Mr. Fields. Yes, may it please the court. My name is Paul Fields, and I represent the Apolee in this matter, Aegis Electric and Gas International Services Limited. Your Honors, the facts in this case are not in dispute. Indeed, the parties agreed on the facts and decided to file competing motions for summary judgment because there was just nothing to be resolved through the discovery process. The underlying lawsuit, and I wish to point this out to the court, I think there's somewhat of an understatement as to what the underlying lawsuit actually asked for, a misstatement. Defendant Robertson claimed, I'm quoting, a damage award for plaintiffs and each class member in the amount of three times the unlawfully withheld security deposit pursuant to OCGA 44733 and 44735. So in the underlying complaint, what Ms. Robertson was asking for in her case was $60 to be returned out of her $437 security deposit. So when she entered into her agreement with the landlord, with ECI, she deposited $437. In this instance, when she moved out, they kept $60 of that money and were applying it for a cleaning. So she's asking for, the plaintiff is asking for compensatory damages and not equitable damages then. It's a legal remedy. The landlord's statutory violation leaves it legally liable for the tenant's compensatory damages. Your Honor, the landlord's actions mean it is responsible for returning the $60 that it wrongfully kept. Absent keeping that $60, there would be no cause of action. And when we look at the actual policy language... But the statute doesn't require the landlord to give back the security deposit withheld. It makes the landlord liable for the amount, a specific amount of the security deposit withheld. Isn't that correct? The statute says that they shall be liable to the tenant in the amount of three times the sum improperly withheld. And then it goes on to say if you follow certain procedures, it's only the amount withheld. Which would constitute compensatory damages. So that's not a disgorgement. It's not a disgorgement. It doesn't require the landlord to return or disgorge sums erroneously withheld. It makes the landlord liable for the amount of the security deposit, which would amount to compensatory damages. Respectfully, Your Honor, I think what's happening is they kept the $60 in this instance, which was in their account. And under this statute, if they keep the $60 and do not comply with the requirements under the statute, in particular giving notification within three days of why you're keeping the money, then they are, if they don't do that, then they are required to return that amount of money, regardless of whether or not it was a good basis to do it. And the actual provision in the policy doesn't mention equitable, legal, or whatever. It just says any disgorgement, return, withdrawal, restitution, which is essentially, it would be a restitution because they're having to pay back what they took, or reduction of any sums which are or were in the possession or control of the insured. Or any amounts credited to any insured's account. So essentially, if money ever was in that insured's account, which is what this money is, and it has to be repaid, then in that situation, there is no loss under this policy. I want to go back to what the cause of action is here. I don't know how you get it to be an equitable anything or a disgorgement, since it's a legal cause of action for violating a statute. To me, this case is all a cause of action at law and with statutory damages. So can you help me with that? I don't know why we even talk about disgorgement, equity, or any of that. This is a cause of action at law, a statute, for statutory damages that are compensatory. What am I missing? Well, Your Honor, it's... It's a damage award. Well, Your Honor, it's a damage award for money that is... You're supposed to give back the money that has been withheld. Yeah, but that... I'm talking about what is the cause of action here. We don't... We've got to see what the cause of action is. They're suing. You agree it's a statutory cause of action? Yes. A legal cause of action? I agree with that, Your Honor. Okay, so we've got a legal cause of action. And the remedy here is provided by statute, right? It's a statutory damages claim, right? The remedy is by statute. We'll get into how you characterize it, but I'm a simple person. It's a legal cause of action with a legal damage award. Is that correct? Yes, Your Honor. It's a cause of action under 44-7, remedies for landlord's noncompliance with article. But statutory damages plus attorney's fees. See, that's another thing. It's not resulting from trouble damages. It's plus attorney's fees. But we'll get to that in a minute. Why does it matter whether it's $60 or $5,000? It doesn't really matter, right? I disagree with that, Your Honor. It doesn't matter. I think it does matter because you're taking back. If you only can be leaving aside the trouble issue. The security deposit was $5,000. The big house is a residential property. The rent's $5,000. $5,000. How does it matter what the amount of the money is? They kept $1,000 and they gave back $4,000. Why does the amount of money matter to anything? The amount of money matters because that's the amount of money that you get back. If I move into an apartment- I know, but the amount doesn't matter. Whether it's $60 or $10,000, you're just saying because it's an amount you get back. But once you get it back, you get it back because it's statutorily required as a matter of law. That's right. The law requires that you return that security deposit. As legal damages. Your Honor, if we take a step back, if ECI had done for the purpose of- we're assuming that the complaint is accurate. If ECI had done what it was supposed to do, it was going to return the entirety of the security deposit to the insured. Let's assume that we're in a situation where there's no allegation that any more monies are owed. They would return the entirety of the security deposit to the insured. If you don't do that, then you are responsible for that security deposit, and unless you have certain protections, you are- it's trouble. Now once you are- if you don't return it right, you get sued under Georgia statute. The legislature says to make you- incentivize you to return the deposit. We're going to say you can be sued and you are going to be liable for not only the security deposit you unlawfully withheld, but also attorney's fees. It's a statutory cause of action with statutory damages. Can you go to- forget about this, because we're talking about the amount withheld. Let's go to the attorney's fees. The statute says plus attorney's fees. So why wouldn't the attorney's fees amount alone come within the loss? Because the statute only provides that you receive attorney's fees if you are guilty of treble damages. So in other words, under the statute, it says- That's not what the statute says. It says treble damages plus attorney's fees, and the attorney's fees don't flow from the treble damages. The attorney's fees flow because you failed to show that it was unintentional, because it flows from the intentionality of the withholding of the money. It doesn't flow from the treble damages. Your Honor, the treble damages and the attorney's fees- The treble damages can't qualify. We got that. The question is whether the attorney's fees- The reason ECI would be liable for attorney's fees, it seems to me, is because they can't show under the Georgia statute- I mean, it's their conduct that causes the attorney's fees. The conduct causes the treble damages plus the conduct causes attorney's fees. Why is that wrong? It's the conduct that causes the attorney's fees. It's the conduct that causes the treble damages. So the attorney's fees is a loss based on the conduct. Why is that wrong? Well, the attorney's fees are essentially exemplary punitive, however you wish to call the damages, because of actions which you were not able to show that you undertook specific procedures to ensure the return of the security deposit. Okay, so why doesn't that fall within the loss definition? Because the loss definition specifically does not include punitive or exemplary treble or any other damages resulting from the multiplication of compensatory damages. It doesn't result from the multiplication of compensatory damages. This results from the conduct. We just said that. Yes, Your Honor, but if you look at the statute, it specifically says if you did not engage in this conduct, there are no attorney's fees. That makes my point. It's because of the conduct. The attorney's fees flow from the conduct, not from the treble damages. Yes, which would be an exemplary punitive damage, which is not covered under the policy. What if the jury or the fact finder finds that ECI intentionally withheld the security deposit? Wouldn't ECI then in that instance be liable for attorney's fees? Yes, they would be liable for attorney's fees if it is found that they did not comply with the provision of 44733C. No, if they intentionally withheld the security deposit without justification. Correct. Then they're liable for attorney's fees. They are, Your Honor. Under the statute, right? That's correct. Okay. And why is that not a loss? The next question is, that's a loss because it's an award. It's an award, but it's also, and we're not saying that it's not a loss, but we're saying it is a punitive exemplary or treble damages because that's not covered under the policy, but for their conduct. If you want to exclude attorney's fees, I think you have to say, you don't get attorney's fees. It's not a part of the loss. I mean, let's say it's ambiguous on that. I don't think attorney's fees is attorney's fees. And so your policy doesn't exclude attorney's fees. You're trying to say it's excluded because its treble damages are punitive. It's not such a thing. It's got treble damages plus attorney's fees. Your Honor, I don't mean to, I mean, it is our position that the only reason that there are attorney's fees is because they're made as an exemplary damage because of their actions. So if the policy is ambiguous in this regard, it would be in favor of the insurer, correct? Your Honor, is that the principle of Georgia law? If there's an ambiguity in a policy, it is construed in favor of the insurer. Yes, Your Honor. And also exclusions narrowly against the insurer, right? That is correct, Your Honor. If Your Honor would like, I would just briefly touch on the waiver issue. I recognize I have less than two minutes. I would note that under the decision that was set forth, the Hoover decision, the Hoover court specifically was dealing with the issue of a policy defense as opposed to a coverage defense. And I think the district court very well set that out in its analysis. The law, we would contend that Hoover only dealt with a situation where there's a waiver if you do not, in that situation, if there's a notice defense or some other provision under the policy as to a coverage defense which says there is no coverage. And we have a non-published case that agrees with you. You do have a non-published case that agrees with you. And there's also another case that has come out that recently where the Georgia Court of Appeals actually cited Hoover. It's the Facility Investment versus Homeland Insurance case, 321 Georgia App 103. And in that case, Judge Miller set forth Hoover and talked about what it says and then immediately thereafter recognized the longstanding distinction between policy defenses and coverage defenses. So we believe that the interpretation which is being set forth under Hoover is wrong. And we would also note that factually in this case, which is not disputed, that the initial letter that was issued relative to this claim, denying the claim, set forth in complete detail the loss provisions that were in here so that those items were given and referenced to be insured. So we believe that any argument that there's been a waiver here is incorrect. All right. Thank you, Mr. Fields. Thank you. Mr. Diffley, I believe that you have reserved some time for rebuttal. Thank you, Your Honor. I just wanted to address two brief points. First, attorney's fees are different from exemplary or punitive or tripling damages. It's an entirely different type of relief. So the exclusion does not cover that. And then the second point, back to opposing counsel's comment that if ECI did not do what it was supposed to do, the only reason ECI is supposed to do anything under this particular set of circumstances is because the Georgia legislature has said you have to, and if you don't, you can be sued for damages. That circles back to the fundamental point that this is a statutory claim for compensatory damages, plainly falls within the definition of loss within the policy, and not subject to any of the exclusions. So unless the court has any additional questions, nothing further from ECI. Thank you, Your Honor. All right. Thank you, counsel. Well, that concludes the docket for this morning. Thank you again for your cooperation, counsel. And the court will be in recess until 9 o'clock tomorrow morning. Thank you.